UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RICHARD L. SIMMONS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:14CV167 SNLJ |
| DANNY DODSON, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Richard Simmons (registration no. 1030094), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.82. Additionally, the Court finds that the complaint is defective, but the Court will allow plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $59.08, and an average monthly balance of less than $59.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.82, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. The complaint is a long and rambling document that seems primarily concerned with accusing defendant Danny Dodson, who is a medical officer at the Pemiscot County Jail, of stealing plaintiff's social security checks and of insurance fraud. The complaint is almost entirely conclusory and reads at times like an

indictment, charging Dodson with criminal behavior. At twenty-nine pages, the complaint is overly long and complex.

**Discussion**

Title 42 U.S.C. § 1983 protects citizens from constitutional violations by state actors. Most of plaintiff's allegations do not rise to the level of a constitutional violation, such as his allegations concerning insurance fraud. Similarly, his allegations against non-state actors, such as Jim Brands, a pharmacy owner, do not state a claim under § 1983.

Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to state their claims in "short and plain" factual statements. It is not necessary or advised for pro se plaintiffs to put legal statements in their complaints. Plaintiff's complaint is not short and plain. Additionally, it contains far too many legal statements. As a result, it is difficult for the Court to review, and it would be difficult for defendants to formulate a responsive pleading to it. Therefore, the Court will require plaintiff to file an amended complaint.

Also, it seems that plaintiff has brought several claims against defendants that are unrelated. Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). For example, plaintiff's claims against defendant James Atchison, a city commissioner, seem unrelated to his claims against Brands, the pharmacy owner.

Plaintiff's amended complaint must comply with the Federal Rules of Civil Procedure. The complaint must contain a clear list of the named defendants in or near the caption. Each of

his factual allegations must be stated in a short and plain fashion. Plaintiff should attempt to state clearly his claims for relief at the end of the complaint, stating which defendant applies to each individual claim for relief. Plaintiff should avoid making legal arguments. Moreover, plaintiff is instructed that the Court does not charge individuals with crimes. If plaintiff believes a crime has been committed, he should contact the relevant prosecutorial agency.

Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.82 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, this case will be dismissed without prejudice.

Dated this 6th day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE