UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARD L. SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:14CV167 ACL |
| DANNY DODSON, et al., | ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Defendant Janet Warren moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons stated below, the Motion is denied.

Plaintiff alleged that Warren, an administrator at the Pemiscot County Jail, violated the Social Security statutes by taking his social security payments to pay for his medical care. Plaintiff specifically referenced 42 U.S.C. § 407(a), which states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

The Court reviewed this action under 28 U.S.C. § 1915(e)(2)(B) and held that this action states a plausible claim for relief. In *Bennett v. Arkansas*, 485 U.S. 395 (1988), the Court held that § 407(a) prohibits a state prison facility from taking a prisoner's social security payments for the purpose of defraying the cost of maintaining its prison system. The Supreme Court made this conclusion even though an Arkansas State statute allowed the State to seize prisoner property for such reason.

Although these authorities were expressly cited by plaintiff and the Court, Warren failed to address them. Warren argues only that the taking of property does not state a claim for relief under the Fourteenth Amendment.

Title 42 U.S.C. § 1983 provides for relief when a state actor deprives a person "of any rights, privileges, or immunities secured by the Constitution *and laws*" of the United States. (Emphasis added). Section 407(a) expressly prohibits defendants from taking plaintiff's social security payments to defray the costs of detaining him. None of the authorities cited by Warren in her Motion permit her to violate § 407(a). The Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Janet Warren's Motion to Dismiss (Doc. 18) is **DENIED**.

Dated this 8th day of June, 2015.

_/s/ Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE