UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RICHARD L. SIMMONS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:14CV00167ACL |
|  | ) |  |
| DANNY DODSON, et al., | ) |  |
|  | ) |  |
| Defendants, | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner proceeding in forma pauperis, seeks relief under 42 U.S.C. § 407(a) and § 1983 on the basis that defendants took his Social Security payments for the purpose of defraying the costs of detaining him at the Pemiscot County Jail (the "Jail"). To that end, he has filed several motions. All of the motions are denied.

1. *Motion for Replevin/Conversion*

Plaintiff seeks return of his payments under the alternate theory of conversion. He moves for an action in replevin under Missouri Court Rule 99.01.

This is an action under federal law, so Missouri law is not relevant. Moreover, it is well settled that where a state provides an adequate post-deprivation process for the loss, the Due Process Clause is not implicated. *E.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The motion is denied.

2. *Motion for Temporary Restraining Order*

Plaintiff seeks a temporary restraining order on the basis that defendants are tampering with evidence relevant to his case. The motion is purely speculative, and it is not signed as required by Rule 11 of the Federal Rules of Civil Procedure. It is denied.

3. *Motions for Leave to Add Former Defendants Bost and Greenwell*

Plaintiff moves to amend his complaint by interlineation to add as defendants Josh Bost, Pemiscot County Jail Administrator, and Tommy Greenwell, Pemiscot County Sheriff, under the theory of respondeat superior. Plaintiff did not name these defendants in his amended complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Additionally, the Court does not allow amendments by interlineation. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The motions are denied.

4. *Motion to Strike Plaintiff's Premature Response to Motion to Dismiss*

Plaintiff moves to strike his response to defendant Janet Warren's motion to dismiss. The motion is moot.

5.  *Motions to Compel Discovery*

Plaintiff requests that the Court order defendants to produce his medical records and prescription invoices. The motions are premature because the Court has not authorized discovery. *See* E.D. Mo. L.R. 16 - 5.01, 16 - 5.04 (discovery in prisoner cases may not take place until Court enters a Case Management Order).

6.  *Motion to Deny Janet Warren's Motion to Dismiss*

This motion is moot because the Court denied Warren's motion after reviewing it on the merits. It is denied.

7.  *Motion to Add Former Defendant Jim Brands*

Plaintiff did not name Brands in his amended complaint. If plaintiff wishes to file an amended complaint, he must file a motion to amend along with a proposed amended complaint. Plaintiff must include all of his claims in the amended complaint. Claims that are not included are deemed abandoned. *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d at 928. The motion is denied.

8.  *Motions to Appoint Counsel*

Plaintiff moves for appointment of counsel because he is a prisoner, has limited access to the law library, is unlearned in the law, and does not understand how to prosecute this case.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to

3

investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is not especially complex. And plaintiff presented a valid legal claim to the Court in his amended complaint. These motions are denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that all of plaintiff's pending motions are **DENIED** without prejudice.

Dated this 8th day of June, 2015.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

4