UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARD L. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14CV167 ACL |
| ) | |
| DANNY DODSON, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 46), Motion to Amend Claims (Doc. 47), and Motion for a Temporary Restraining Order (Doc. 49). The motions are denied.

A party seeking summary judgment must support his or her motion with facts "in the record, including depositions, documents . . .affidavits or declarations, stipulations," etc. Plaintiff did not support his motion with any facts, and there is no record before the Court. As a result, the Plaintiff's Motion for Summary Judgment (Doc. 46), is denied.

Plaintiff moves to amend his complaint with claims under the Eighth Amendment. To obtain leave to file an amended complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985); *see Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend."). Plaintiff did not submit a proposed

amended complaint along with his motion. Therefore, Plaintiff's Motion to Amend Claims (Doc. 47), is denied.

Plaintiff seeks a temporary restraining order on the basis that the Southeast Correctional Center's Warden, Ian Wallace; Assistant Warden, Paula Reed; and Director of Adult Institutions, George Lombardi are retaliating against him by allowing prison officials to harass him for filing informal request resolution forms. Wallace, Reed, and Lombardi are not parties to this action. Moreover, plaintiff's retaliation claim bears no relationship to the complaint. Consequently, Plaintiff's Motion for Temporary Injunctive Relief (Restraining Order) (Doc. 49), must be denied. *See Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

Additionally, plaintiff has filed several frivolous motions in this case, and this case has not yet proceeded to the discovery stage. The Court "is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.,* 150 F.3d 842, 851 (8th Cir. 1998). "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). Plaintiff is wasting judicial resources by the filing of frivolous motions. Plaintiff is warned that if he continues to file frivolous motions, the Court may impose sanctions on him, up to and including the dismissal of this action.

Finally, the Court notes that this action has been delayed by the death of defendant Danny Dodson. The Court will issue a Case Management Order after plaintiff properly substitutes a successor or representative for Dodson or after the ninety-day period for doing so is expired.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 46), Motion to Amend Claims (Doc. 47), and Motion for a Temporary Restraining Order (Doc. 49) are **DENIED**.

Dated this 26th day of June, 2015.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE