UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RICHARD L. SIMMONS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:14 CV167 ACL |
| DANNY DODSON, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the pro se Second Amended Complaint of Plaintiff Richard Simmons, alleging violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 112.) The Court directed Simmons to file a Second Amended Complaint that includes all of his allegations against all Defendants. Also pending are a plethora of motions filed by Simmons. (Docs. 88, 89, 90, 93, 94, 95, 98, 99, 100, 101, 102, 108.)

1. **Frivolity Review of Second Amended Complaint**

Under 28 U.S.C. § 1915(e), the Court is required to review the Second Amended Complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Simmons names the following individuals as Defendants: Elizabeth Dodson (Defendant Ad Litem for Danny Dodson, deceased), Janet Warren, Josh Bost, Sheriff Thomas Greenwell, Jimmy Alsup, Stephanie Rudd, Derek Jackson, Bubba Unknown, Timothy Houch, Brandon Sanchez, and Jim Brands. Simmons claims that Pemiscot County Justice Center ("PCJC") officials unlawfully assigned his Social Security Disability Income benefits to themselves or to his institutional medical bills when he was incarcerated there as a pre-trial detainee in 2011 and

1

2012. He alleges that the Defendants conspired to violate his constitutional rights and to conceal evidence of their wrongdoing. Simmons claims that the jail official Defendants retaliated when he attempted to exercise his rights by implementing a bland diet, interfering with his medical care, placing him in solitary confinement, and denying him access to documents. Simmons alleges that two of his attorneys from the Missouri Public Defender's officer, T.J. Houch and Brandon Sanchez, provided ineffective assistance of counsel and failed to protect him from the conduct of the jail officials. Finally, Simmons alleges that Jim Brands-owner of Hayden Drug Store-violated his constitutional rights when he conspired with Danny Dodson to create fictitious medication bills.

Having carefully reviewed the Second Amended Complaint, the Court finds that process should be issued as to the PCJC officials-Elizabeth Dodson (Defendant Ad Litem for Danny Dodson, deceased), Janet Warren, Josh Bost, Sheriff Thomas Greenwell, Jimmy Alsup, Stephanie Rudd, Derek Jackson, and Bubba Unknown. Defendant Janet Warren has already filed an Answer to the Second Amended Complaint. (Doc. 112.)

The Court further finds that Defendants Houch, Sanchez, and Brands are non-state actors. *See Polk County v. Dodson*, 454 U.S. 312, 334 (1981) (holding a public defender does not act "under color of state law" within the meaning of § 1983 when performing a lawyer's traditional functions as counsel to an indigent defendant). As such, Simmons' allegations against Houch, Sanchez, and Brands do not state a claim under §1983, and process will not be issued as to these defendants.

The Court also notes that Simmons has named "Bubba Unknown" as a Defendant. Simmons indicates that Bubba Unknown is Correctional Officer I at the PCJC. He alleges that Bubba Unknown violated his constitutional rights when he seized his social security disability

2

funds by forgery.   Simmons has provided sufficient information so that Defendant should be able to ascertain the identify of Bubba Unknown so that service may be effectuated.   The Court will, therefore, direct Defendant Warren to provide the full name of Bubba Unknown.

Due to the delays associated with the addition of claims and parties, an Amended Case Management Order will issue on this date.   Simmons is advised that the deadline for the amendment of pleadings has passed, and no more amendments will be permitted.

### 2. Plaintiff's Motions

Simmons has filed several motions that are presently pending before the Court. Simmons' motions can be categorized as follows: a Motion for Appointment of Counsel (Doc. 98), Motions for Subpoenas Duces Tecum (Docs. 88, 89, 90, 94, 99, 108), Motions to Compel (Doc. 93, 95), a Motion to Stay Discovery (Doc. 100), a Motion Requesting the Court Hold Off Extracting Money from Inmate Account (Doc. 101), and a Motion for Summary Judgment (102). The Court will address Simmons' pending motions in turn.

**Motion for Appointment of Counsel**

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d).   It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision.   *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."   *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).   In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues.   *See Johnson v. Williams*, 788 F.2d 1319,

1322-23 (8th Cir. 1986); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), *cert. denied*, 504 U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for Simmons at this point in the litigation. The undersigned finds that Simmons has clearly presented his claims against Defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Thus, Simmons' Motion for Appointment of Counsel will be denied without prejudice. "Without prejudice" means that Simmons may later ask for appointment of counsel if he feels it is necessary.

**Motions for Subpoenas Duces Tecum**

Rule 34(c), Fed. R. Civ. P., provides that a nonparty to an action may be compelled to produce documents in accordance with Rule 45. Production of documents from a nonparty "can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1)." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975) (citations omitted).

"Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Stockdale v. Stockdale*, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009). Thus, the Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if Simmons does not provide sufficient information, or if the Court believes the requests are frivolous or otherwise improper.

    1.    **Dr. Douglas Fitzwater (Doc. 88)**

Simmons first requests records from Dr. Douglas Fitzwater of all prescriptions written for Simmons during his pre-trial detention at the PCJC between March 5, 2011 and April 6, 2012.

4

Simmons argues that he requires these records because Defendant Warren claims that Dr. Fitzwater wrote a prescription for a bland diet, but Simmons contends he did not. The undersigned finds that records from Dr. Fitzwater of Simmons' prescriptions are relevant to Simmons' retaliation claims, and will grant Simmons' Motion. (Doc. 88.)

## 2. Sheriff Greenwell (Docs. 89, 99)

Simmons requests all accounting records associated with the withdrawal of his funds to defray costs of his medical care while he was an inmate at the PCJC between 2011 and 2012. (Doc. 89.) He also requests the names of witnesses and copies of medical records. (Doc. 99.)

Sheriff Greenwell has been added as a party Defendant in this action, but has not yet been served with the Second Amended Complaint. Although Simmons is entitled to the documents he requests, Rule 45 subpoenas do not apply to parties. If Simmons does not receive the requested documents during the discovery process after attempting to resolve the issue with Defendant Greenwell, he may file a Motion to Compel. Simmons' Motions for Subpoenas Duces Tecum (Docs. 89, 99) will be denied.

## 3. Dr. James A. Gardner, D.D.S. (Doc. 90)

Simmons requests his dental records from James A. Gardner regarding treatment and prescriptions written between 2011 and 2012. Simmons claims that Dr. Gardner prescribed medications following a dental procedure, but Danny Dodson refused to administer the medication, leaving him in extraordinary pain. The undersigned finds that these records are relevant to Simmons' claims and will grant Simmons' Motion. (Doc. 90.)

## 4. Anna Beckett (Doc. 94)

Simmons requests records from Anna Beckett, presumably an employee of the Missouri

5

Department of Social Services, regarding the discontinuation of his Medicaid benefits on May 10, 2011. Simmons claims this information is important because "Jim Brands, Owner of Hayden's Drug Store, could have used my MEDICAID to cover my prescriptions prior to May 10, 2011 and deliberately chose not to…" (Doc. 94 at p. 2.)

The undersigned finds that these records are not relevant, as Jim Brands is not a party to this action. Thus, Simmons' Motion (Doc. 94) will be denied.

    5.    **December 2011 Transcript (Doc. 108)**

Simmons requests the transcript of a December 20, 2016 court appearance from Pemiscot County Court Reporter Jill Crowder. He claims the transcript will show that he stated "they keep taking my money, I drew a check and they keep taking it." (Doc. 108 at p. 1.) Simmons' Motion (Doc. 108) will be denied. The requested transcript is not necessary to support his claims. Further, there are costs associated with the request, and there is no indication that Simmons has the funds to pay for the transcript.

    **Motions to Compel**

As an initial matter, any motion Simmons files relating to discovery or disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and Rule 37(a)(1), Fed.R.Civ.P.[3] These rules require that a discovery or disclosure-related motion include a statement of a

---

[3] Local Rule 3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

good-faith attempt to resolve the discovery dispute prior to the filing of the motion.

Simmons has filed two Motions to Compel directed at Defendant Warrant. (Docs. 93, 95.) In his first Motion to Compel, Simmons requests copies of all grievances he filed between March 5, 2011, and April 2012. (Doc. 93.) In his second Motion to Compel, Simmons requests banking records of deposits and transactions related to the withdrawal of Social Security Disability benefits in connection with the instant action. (Doc. 95.)

Defendant Warren has filed Responses to Plaintiff's Motions to Compel, in which she states that Simmons has been provided with two grievances, #3123 and #3145. (Doc. 96.) Defendant states that the other two grievances listed by Simmons (#2927 and #3116) are not addressed to Defendant Warren, however, a search is being conducted to determine if such grievances exist. Defendant indicates that, if the requested grievances are found, they will be forwarded to Simmons. With regard to the requested bank records, Defendant states that she has provided Simmons with his Inmates Resident Account showing all deposits and charges for medical services and other withdrawals from the account. (Doc. 97.) Defendant states that providing Simmons with complete bank accounts of the Pemiscot County Sheriff's Department would be beyond the scope of the authority of Defendant Warren and would involve more than just Simmons' records. Defendant further notes that Simmons has failed to comply with Local Rule 37-3.04(A).

Simmons' Motions to Compel (Docs. 93, 95) will be denied. Defendant Warren has represented that Simmons has been provided with the grievances known to Defendant Warren, that she will provide additional grievances if they are discovered, and that she has provided Simmons with a copy of his Inmates Resident Account. Simmons is not entitled to any additional banking

records. Further, Plaintiff has not complied with Local Rule 37-3.04(A).

**Motions to Stay**

On February 18, 2016, Simmons filed a Motion to Stay Discovery, in which he requests that the Court stay discovery because he is limited in his ability to provide discovery requested by Defendant Warren, he is uncertain whether certain Defendants have been served, and he has requested subpoenas duces tecum but the Court has not ruled on these motions. (Doc. 100.) Simmons has also filed a Motion requesting that the Court "hold off extracting money from my inmate account for a couple of months while I get it together." (Doc. 101.)

The Court has resolved the issues cited in Simmons' Motion to Stay. Simmons' Motions (Docs. 100, 101) will, therefore, be denied as moot.

**Motion for Summary Judgment**

Simmons has filed a Motion for Summary Judgment. (Doc. 102.) In light of the amendment of his pleadings and the addition of parties, Simmons' Motion for Summary Judgment is premature. As previously noted, the Court will extend the relevant deadlines in an Amended Case Management Order to issue on this date. Simmons' Motion for Summary Judgment will, therefore, be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the Second Amended Complaint as to Defendant ad litem Elizabeth Dodson, as well as Defendants Josh Bost, Sheriff Thomas Greenwell, Jimmy Alsup, Stephanie Rudd, Derek Jackson, and Bubba Unknown. Said Defendants shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the Second Amended Complaint as to Defendants Houch, Sanchez, and Brands, because, as to these Defendants, the Second Amended Complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Janet Warren shall provide the Court with the full name of Defendant Bubba Unknown, if it is known to her or can be reasonably ascertained, **no later than May 31, 2016**, so that service may be effectuated.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 98) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Subpoenas Duces Tecum (Docs. 89, 94, 99, 108) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Subpoenas Duces Tecum (Docs. 88, 90) are **granted**.

**IT IS HEREBY ORDERED** that the Clerk shall issue a subpoena to Dr. Douglas Fitzwater, D.O., 412 Ward Ave., Caruthersville, MO 63830, and direct Dr. Fitzwater to produce a copy of all prescriptions written for Richard L. Simmons between March 5, 2011 and April 6, 2012, when he was an inmate at the Pemiscot County Justice Center. The production shall be made by mailing documents on or before 30 days from the date of the subpoena to Richard L. Simmons, #1030094 MCC 1B-141, Moberly Correctional Center, P.O. Box 7, Moberly, MO, 65270.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the subpoena on Dr. Fitzwater at the above address.

**IT IS FURTHER ORDERED** that the Clerk shall issue a subpoena to Dr. James A. Gardner, D.D.S., 1210 Ward Avenue, Caruthersville, MO, 63830, and direct Dr. Gardner to produce a copy of all records of procedures and prescriptions written for Richard L. Simmons between 2011 and 2012, when he was an inmate at the Pemiscot County Justice Center. The production shall be made by mailing documents on or before 30 days from the date of the subpoena to Richard L. Simmons, #1030094 MCC 1B-141, Moberly Correctional Center, P.O. Box 7, Moberly, MO, 65270.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the subpoena on Dr. Gardner at the above address.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Compel (Docs. 93, 95) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Stay (Docs. 100, 101) are **denied as moot**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 102) is **denied without prejudice**.

Dated this 23rd day of May, 2016.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE